UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael O'Grady,                                Civil No. 07-3582 (MJD / SRN)

   Plaintiff,

v.                                              ORDER

Anoka County Board of
Commissioners, et al.,

   Defendants.

---

  The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Susan Richard Nelson dated January 22, 2008.  Magistrate Judge Nelson recommended to this Court that the matter be dismissed without prejudice, as this Court does not have subject matter jurisdiction over any of his claims.  Plaintiff has objected to the Report and Recommendation in its entirety.  He claims that the Magistrate Judge abused her discretion, committed errors of law, applied the wrong standard of law and failed to examine relevant facts.  Finally, Plaintiff argues that the Magistrate Judge failed to conduct any analysis on his constitutional claims.

  Pursuant to statute, the Court has conducted a de novo review of the

1

record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based on that review the Court ADOPTS the Report and Recommendation dated January 22, 2008.

The Rooker-Feldman doctrine precludes a plaintiff from bringing an action in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine extends to any claim that is inextricably intertwined with the state-court judgment as well.  District Court of Col. Ct. Of Appeals v. Feldman, 460 U.S. 462, 482 n. 16 (1983).

A review of the Complaint, and all subsequent pleadings filed by Plaintiff in this case, do not reveal any claim that is not related to the various state court judgments rendered in connection with the dissolution of his marriage, custody and child support.  At the hearing before Magistrate Judge Nelson, the Magistrate Judge asked Plaintiff what facts form the basis of his complaint, other than the state court orders concerning his divorce, custody and child support. [Doc. No. 306, December 21, 2007 Hearing Transcript, p. 34].  Plaintiff responded that he didn't have access to the state court to enforce the original child custody

order. Id. p. 34, 35-36. In fact, throughout the remainder of the hearing the Plaintiff did not elude to any facts that would support a claim that was not inextricably intertwined with the state court judgments regarding child custody and child support, or to a claim that genesis is the custody and child support judgments. For example, Plaintiff argues that Defendant Judge Habeck, who presided over state court proceedings involving custody of Plaintiff's children, somehow used those proceedings to extort money from Plaintiff with the help of his judicial assistance, his wife and mother. Id. p. 45-47. Although claims of extortion do not necessarily attack the state court judgment, the claim is nonetheless inextricably intertwined as Plaintiff alleges the Judge used the custody issue as a means to extort money. The same is true for the other claims asserted in the complaint. Each claim relates back, in some way, to the state court judgments concerning custody and child support. Accordingly, this Court does not have subject matter jurisdiction over any of the Plaintiff's claims.

Magistrate Judge Nelson also recommended the Court order that Plaintiff obtain prior permission from the Chief Judge of the District of Minnesota before filing any action in this District containing the same or similar allegations as those in this action, as Plaintiff has previously filed five separate, but similar,

3

actions in federal court. Given the Court's inherent authority to manage its docket, and the vast amount of filings produced nine months since this matter was filed (totaling 319 pleadings), together with the fact that this is the fifth federal action filed based on the same core allegations, the Court finds the Magistrate Judge's recommendation reasonable. See Van Deelan v. City of Kansas, Mo., 2007 WL 3101816 (8th Cir. Oct. 19, 2007); Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986).

Also before the Court is Plaintiff's objection/appeal of the Order dated January 9, 2008. By this Order, Magistrate Judge Nelson held in abeyance a motion filed by Plaintiff on January 9, 2008 in accordance with her prior ruling that no further submissions could be filed pending the resolution of the thirty-five non-dispositive and dispositive motions current already under advisement. [Doc. 265].

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). The Court finds that the Order dated January 9, 2008 [Doc. No. 274] is neither clearly erroneous or contrary to law.

IT IS HEREBY ORDERED that:

1. Wisconsin State Defendants' motion to dismiss (Doc. No. 50), Defendants Shawano County Board, et al.'s, motion to dismiss (Doc. No. 69), and Defendant Wisconsin Municipal Mutual Insurance Company's motion to dismiss (Doc. No. 79) are GRANTED;

2. This action is DISMISSED WITH PREJUDICE;

3. The remaining pending motions are DENIED AS MOOT:

   (a) Defendants' Motion for More Definite Statement (Doc. No. 8),

   (b) Defendant's Motion to Dismiss (Doc. No. 13),

   (c) Defendants' Motion to Extend Time to Answer (Doc. No. 36),

   (d) Plaintiff's Motion for Default Judgment v. Habeck Defendants (Doc. No. 38),

   (e) Plaintiff's Motion for Default Judgment v. Klint Defendants (Doc. No. 45),

   (f) Plaintiff's Motion for Declaratory Judgment v. Covenant Home Services (Doc. No. 83),

   (g) Plaintiff's Motion to Strike Answer of Defendants Penny Habeck and Karen Casteel-Schlise (Doc. No. 88),

(h)  Plaintiff's Motion to Disqualify Counsel (Doc. No. 90),

(i)  Plaintiff's Motion for Summary Judgment v. Defendant Synthia O'Grady-Klint (Doc. No. 92),

(j)  Defendant's Motion for Rule 11 Sanctions (Doc. No. 96),

(k)  Plaintiff's Motion for Declaratory Judgment v. Wisconsin Defendants (Doc. No. 104),

(l)  Defendants' Motion To Dismiss (Doc. No. 108),

(m)  Plaintiff's Motion for Continuance & Rule 16 Conference (Doc. No. 121),

(n)  Plaintiff's Motion for Declaratory Judgment (Doc. No. 127),

(o)  Plaintiff's Motion for Declaratory Judgment (Doc. No. 129),

(p)  Plaintiff's Motion to Strike Defendant Covenant's Pleadings (Doc. No. 136),

(q)  Plaintiff's Motion for Rule 11 Sanctions v. Defendant Covenant Homes (Doc. No. 138),

(r)  Plaintiff's Motion for Judgment by Default v. Defendant Covenant Home (Doc. No. 140),

(s)  Defendants' Motion for Rule 11 Sanctions (Doc. No. 144),

(t)  Plaintiff's Motion for Default Judgment v. Marathon County Title IV-D Agency (Doc. No. 154),

(u)  Plaintiff's Motion to Strike Pleadings re: Marathon County's Motion to Dismiss (Doc. No. 157),

(v)  Plaintiff's Motion for Sanctions v. Marathon County and Jardine, Logan Firm (Doc. No. 159),

(w)  Plaintiff's Motion to Enlarge Time for Service (Doc. No. 162),

(x)  Plaintiff's 2nd Notice Request for Court Take Judicial Notice (Doc. No. 164),

(y)  Plaintiff's Motion for Order Allowing Jurisdictional Discovery (Doc. No. 166),

(z)  Defendants' Motion to Quash Subpoenas (Doc. No. 185),

(aa)  Defendant's Motion for Sanctions (Doc. No. 192),

(bb)  Plaintiff's 3rd Notice Request for Court to Take Judicial Notice (Doc. No. 203),

(cc)  Plaintiff's 5th Notice Request for Court to Take Judicial Notice (Doc. No. 206),

(dd)  Defendant's Motion to Quash Subpoena (Doc. No. 215),

    (ee)  Defendant's Motion to Dismiss (Doc. No. 234),

    (ff)  Defendants' Motion to Dismiss (Doc. No. 241),

    (gg)  Defendant's Corrected Motion to Dismiss (Doc. No. 246),

    (hh)  Defendant's Motion to Dismiss (Doc. No. 269),

    (ii)  Plaintiff's Motion for Declaratory Judgment (Doc. No. 276),

    (jj)  Plaintiff's Motion to Recover Expenses (Doc. No. 280),

    (kk)  Plaintiff's Motion for Summary Judgment (Doc. No. 283), and

    (ll) Plaintiff's Motion to Stay (Doc. No. 294); and

4.    Plaintiff shall obtain the express written permission of the Chief Judge of the District of Minnesota before filing any action in this District containing the same or similar allegations as those in the present Complaint.

DATED: April 20, 2008.

                                                  s / Michael J. Davis
                                                  Judge Michael J. Davis
                                                  United States District Court